# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANNA TEICH, and PAUL TEICH, | |
| Plaintiffs, | 2:06-CV-0357-RCJ-PAL |
| v. | **ORDER** |
| UNITED WORLD LIFE INSURANCE CO., and HEALTHCARE INFORMATICS CORP., | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion for Reconsideration. (#10.) The Court has considered the Motion, the pleadings on file, and oral arguments on behalf of the parties. For the reasons discussed below, the Court denies Defendants' Motion.

## BACKGROUND

Defendants United World Life Insurance Company ("United World") and The Healthcare Informatics Corporation d.b.a. Health Plan Services, Inc. ("HPSI") (collectively "Defendants") have filed their Motion for Reconsideration (#10) asking this Court to reconsider its Order (#9) granting Plaintiffs' Motion to Remand. (#3.) Specifically, Defendants contend that the Court must grant their Motion "to correct a clear error of law or prevent manifest injustice." (#10 at 4.)

On August 29, 1997, Plaintiffs Paul and Anna Teich ("Plaintiffs") filed suit against Defendants in Nevada state court. In their Complaint, Plaintiffs allege breach of insurance

contract, unfair claim settlement practices, and bad faith arising from allegations that United World failed to pay on time for treatment provided to Anna Teich under a medical insurance policy issued by United World to City Wide Transit, owned in part by Plaintiffs. On October 1, 1997, Defendants filed a notice of removal from Nevada state court to the federal district court. On March 15, 1999, this Court (Judge Rawlinson) remanded the action to Nevada state court for lack of federal diversity or federal question jurisdiction. Specifically, Judge Rawlinson held that Defendants failed to satisfy the $75,000 threshold requirement under 28 U.S.C. § 1332(a), and that the Employee Retirement Income Security Act ("ERISA") did not govern the insurance policy at issue in this case, thus depriving the Court of federal question jurisdiction.

The case continued in state court and was scheduled to begin trial on April 3, 2006. On March 24, 2006, however, Defendants filed their Petition for Removal, alleging that *Yates v. Hendon*, 541 U.S. 1 (2004) created federal question jurisdiction in this case under ERISA. Specifically, Defendants argued *Yates* established that ERISA governed Defendants' employee benefit plan. According to Defendants, two employees are covered under City Wide Transit's employee benefit plan. Defendants concede that the only covered employees are the two employee-owners. After considering Defendants' arguments, the Court concluded that Defendants failed to demonstrate how *Yates* created federal jurisdiction in this matter, and thus on August 31, 2006, the Court remanded the action to state court for the second time.

**DISCUSSION**

According to Defendants, the Court should reconsider its prior decision because (1) Defendants "provided evidence that other persons associated with City Wide Transit were eligible for insurance benefits under Plaintiffs' policy," and (2) under *Yates v. Hendon*, this

Page 2 of 9

evidence established that ERISA governed City Wide Transit's employee benefit plan. As detailed below, the Court should deny Defendants' Motion for Reconsideration.

**I.      Motion for Reconsideration Standard**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). Defendants argue that in its prior order, the Court committed clear error.

**II.     Defendants Misinterpret *Yates*'s Holding**

The Court may summarize Defendants' argument as follows: *Yates v. Hendon* holds that where an employee benefit plan covers owner-employees, ERISA governs such plan "so long as other company employees are **eligible** to participate in the plan." (#13 at 5.) However, Defendants misread *Yates*. In *Yates*, the Supreme Court stated the following:

> This case presents a question on which federal courts have divided: Does the working owner of a business (here, the sole shareholder and president of a professional corporation) qualify as a "participant" in a pension plan covered by the Employee Retirement Income Security Act of 1974 (ERISA or Act), 88 Stat 832, as amended, 29 U.S.C. § 1001 *et seq.* [29 USCS §§ 1001 *et seq.*]. The answer, we hold, is yes: If the plan **covers** one or more employees other than the business owner and his or her spouse, the working owner may participate on equal terms with other plan participants. Such a working owner, in common with other employees, qualifies for the protections ERISA affords plan participants and is governed by the rights and remedies ERISA specifies. In so ruling, we reject the position, taken by the lower courts in this case, that a business owner may rank only as an "employer" and not also as an "employee" for purposes of ERISA-sheltered plan participation.

*Yates v. Hendon*, 541 U.S. 1, 6 (2004) (emphasis added). Thus, as noted above, the Supreme Court held that an employee benefit plan that covers owner-employees is governed by ERISA if "the plan **covers** one or more employees other than the business owner . . . ." *Id.* (emphasis added). However, Defendants argue that ERISA governs such a plan so long as one or more employees are eligible, not if the "plan covers one or more employees other than the business owner . . . ." *Id.* To support their argument, Defendants quote one passage from *Yates*:

> Title I defines the term "employee benefit plan" to encompass "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both . . . ." 29 U.S.C. § 1002(3) [29 USCS § 1002(3)]. The same omnibus section defines "participant" as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . ., or whose beneficiaries may be eligible to receive any such benefit." § 1002(7).

*Id.* at 7. However, this quote does not support Defendants' argument. The language above simply quotes the relevant statutory language and notes that an employee is a "participant" if he is eligible to receive benefits. This language does not state, however, that if you are an eligible employee (or "participant") who works for a company where an employee benefit plan covers owner-employees that the benefit plan is therefore governed by ERISA. As noted above, the Supreme Court explicitly held that for ERISA to govern such a plan,[1] the nonowner-employee must be covered by the plan, not just be eligible (or a "participant") in such plan:

> If the plan **covers** one or more employees other than the business owner and his or her spouse, the working owner may participate on equal terms with other plan participants. Such a working owner, in common with other employees, qualifies for the protections ERISA affords plan participants and is governed by the rights and remedies ERISA specifies.

---

[1] In this case, Defendants concede that the only employees covered under the plan at issue are the employer-employees. They contend that all other employees, while not actually covered, are eligible.

1  *Id.* at 6 (emphasis added).  What the Supreme Court held is consistent with the law as stated

2  in the relevant statutes and regulations, as detailed below.  The statute and accompanying

3  regulations clearly demonstrate that Defendants have not provided evidence that ERISA

4  governed the plan at issue in this case, and that they misinterpreted *Yates*.

5  **III.     The Relevant Statutes and Regulations do not Support Defendants' Argument**

6        Defendants argue that because various City Wide Transit employees were "eligible"

7  for benefits under City Wide Transit's employee benefit plan, that these employees were

8  "participants" in such plan.  Defendants further argue that because such employees were

9  "participants," the plan was subject to ERISA.  Defendants have failed to fully analyze the

10 statutes and regulations at issue in this case.

11       29 U.S.C. § 1002(7) defines "participant" as follows:

12     . . . any employee or former employee of an employer, or any member or former
    member of an employee organization, who is or may become eligible to receive
13     a benefit of any type from an employee benefit plan which covers employees of
    such employer or members of such organization, or whose beneficiaries may be
14     eligible to receive any such benefit.

15 29 U.S.C. § 1002(7).  Defendants state that all City Wide Transit employees were eligible for

16 benefits under City Wide's employee benefit plan.  Thus, Defendants have properly alleged

17 that the employees were participants in the plan because they were eligible.  The statute on its

18 face plainly states that an employee is a participant if he is eligible.  However, the analysis to

19 determine if ERISA applies to City Wide Transit's employee benefit plan cannot end here, as

20 Defendants argue it must.

21       Defendants concede that the only employees actually covered under City Wide

22 Transit's employee benefit plan were the employee-owners.  29 C.F.R. § 2510.3-3, a

23 regulation issued by the Secretary of Labor, clarifies why the benefit plan at issue in this case

24 does not fall under ERISA.  The regulation states in relevant part:

25                                 Page 5 of  9

> For purposes of title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are "**participants covered under the plan," as defined in paragraph (d) of this section**. For example, a . . . plan under which only partners or only a sole proprietor are participants covered under the plan will not be covered under title I. However, a Keogh plan under which one or more common law employees, in addition to the self-employed individuals, are **participants covered under the plan**, will be covered under title I. Similarly, partnership buyout agreements described in section 736 of the Internal Revenue Code of 1954 will not be subject to title I.

29 C.F.R. § 2510.3-3(b) (emphasis added). The regulation clearly states that when only a "partner" or a "sole proprietor" is covered under the plan, the plan is not governed by ERISA unless "one or more common law employees, in addition to the self-employed individuals, are **participants covered under the plan** . . . ." *Id.* (emphasis added). Courts have consistently treated "partner" or "sole proprietor" as analogous to "employee-owner" for purposes of this regulation. *See Yates v. Hendon*, 541 U.S. 1, 6 (2004); *see also Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 264 (9th Cir. 1991). Because Defendants concede that the only persons actually covered or receiving benefits are the employee-owners, the plan cannot be subject to ERISA unless one or more common law employees are "participants covered under the plan" as defined in the regulation. Defendants argue that the employee must only be a "participant" as defined in § 1002 (an eligible employee), but the regulation clearly states that at least one or more employees must be a "participant **covered under the plan**," not just a participant. This conclusion is exactly what the Supreme Court held in *Yates*:

> The answer, we hold, is yes: If the plan **covers** one or more employees other than the business owner and his or her spouse, the working owner may participate on equal terms with other plan participants. Such a working owner, in common with other employees, qualifies for the protections ERISA affords plan participants and is governed by the rights and remedies ERISA specifies.

*Yates*, 541 U.S. at 6 (emphasis added). Thus, the pertinent question is whether any City Wide Transit employees, other than the employee-owners, are "participants covered under the plan" as defined in the regulation.

29 C.F.R. § 2510.3-3(d) defines participants covered under the plan as follows:

(d) Participant covered under the plan. (1)(I) An individual becomes a participant covered under an employee welfare benefit plan on the earlier of—

(A) The date designated by the plan as the date on which the individual begins participation in the plan;

(B) The date on which the individual becomes eligible under the plan for a benefit subject only to occurrence of the contingency for which the benefit is provided; or

(C) The date on which the individual makes a contribution to the plan, whether voluntary or mandatory.

To support their argument that employees other than the employee-owners subjected the benefit plan to ERISA, Defendants offer several exhibits. First, Defendants state that Exhibits A and B establish that ERISA governs City Wide's benefit plan. However, Exhibits A and B are nothing more than two signed forms by two employees, Mr. Cruz and Mr. Morris, stating that they "have been given the opportunity to apply for group insurance as offered by the employer . . . and after careful consideration" they decide to forego the opportunity to apply for coverage. These exhibits do not establish that the two employees satisfy the definitions above. Indeed, these exhibits do not even establish Defendants' claim that the employees were eligible to receive benefits—the forms merely state that the Defendants declined to apply for benefits.

Second, Defendants argue that exhibits C through H further establish that ERISA governs the benefit plan at issue in this case. However, none of these exhibits demonstrate that any nonemployee-owner was a "participant covered under the plan" as defined in the

regulations. Exhibit C is simply a letter from HPS indicating what City Wide must do to establish eligibility. Exhibit D is City Wide Transit's application for group coverage. This exhibit actually weakens Defendants' argument because it established that only two City Wide employees ever applied for coverage, which Defendants have conceded were the two employee-owners. The form explicitly states that all other employees were not applying for coverage. If the other employees never even applied for coverage, they could not be a "participant covered under the plan" as defined in 29 C.F.R. § 2510.3-3(d). The remaining exhibits likewise fail to demonstrate that any employee, other than the two employee-owners, ever (1) began participation in the plan, (2) ever provided a date by which the eligible employee would receive benefits upon certain contingencies occurring, or (3) made a contribution to the plan, as required under 29 C.F.R. § 2510.3-3(d) to demonstrate that the employee was a "participant covered under the plan."

## CONCLUSION

Defendants have failed to demonstrate how this Court committed clear error in its prior Order. Defendants misinterpret *Yates* and how it applies to the relevant statutes and regulations. Defendants allege that City Wide Transit employees are "participants" as defined in 29 U.S.C. § 1002(7), but Defendants fail to allege or demonstrate that any employee, other than the two employee-owners, are "participants covered under the plan," as required by *Yates* and 29 C.F.R. § 2510.3-3. Hence, City Wide Transit's employee benefit plan does not fall under ERISA. Accordingly, the Court HEREBY DENIES Defendants Motion to Reconsider. (#10.)

DATED: May 9, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE